IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSHANDA FOSTER, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO.: 1:17-cv-01690-WSD |
| LEGACY KEYS, LLC; 1250 NORTH : | |
| INVESTMENTS LLC; WATKINS : | |
| REALTY SERVICES, LLC; : | |
| INVESTORS MANAGEMENT : | |
| GROUP, INC.; OAK COAST : | |
| PROPERTIES, LLC; LETITIA : | |
| GREENWAY and JOHN DOES #1-5 : | |
| : | |
| Defendants. : | |

**BRIEF AND MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO REMAND**

**PROCEDURAL HISTORY**

Plaintiff filed this personal injury tort case in Fulton County State Court after suffering severe and debilitating burn injuries from her apartment shower water. The original Defendants are the five owners and operators of Plaintiff's apartment. (Doc.1 at Ex. A).[1]

On the 30th day after service, Defendants removed the case from Fulton

---

[1] Plaintiff's original complaint was attached to Defendant's Notice of Removal as Ex. A.

County and alleged that subject matter jurisdiction was proper in this Court because of the parties' perceived diversity of citizenship. (Doc.1, ¶12). Importantly, Defendants' notice of removal did not properly alert this Court to each party's citizenship. *See Id*.

Twenty-one (21) days after removal, Plaintiff amended her Complaint to, among other things, add recently identified on-site property manager Letitia Greenway as a party defendant. (Doc.6, ¶¶ 12, 24); *see also* Fed. R. Civ. P. 15(a) (authorizing addition of party as a matter of right within 21 days of Defendant's first responsive pleading). Notably, Ms. Greenway is a citizen of Georgia.

Based on these facts, the case must be remanded to the State Court of Fulton County for two independent reasons: (i) complete diversity is lacking, and (ii) Defendant's notice of removal is facially deficient because it did not properly identify each party's citizenship.

## LEGAL STANDARD GOVERNING A MOTION TO REMAND

As the removing party, it is Defendants' burden to establish jurisdiction. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). The burden is a heavy one.

***First***, the federal court is required to construe removal statutes narrowly, resolving all doubts against removal. *Allen v. Christenberry*, 327 F.3d 1290, 1293

(11th Cir. 2003); *see also Williams v. AFC Enters.*, 389 F.3d 1185, 1189 (11th Cir. 2004).  **Second**, the process of removal should be limited because it "raises significant federalism concerns." *Poll v. Deli Mgmt.*, 2007 U.S. Dist. LEXIS 62564, at *2 (N.D. Ga. Aug. 24, 2007); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)(citations omitted).  **Third**, judicial economy favors remand because remand "prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff, but for all parties and for society when the case must be relitigated." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).  **Lastly**, the limitations on removal jurisdiction also recognize that the plaintiff is the master of his own complaint.  *Poll*, 2007 U.S. Dist. LEXIS, at *6.

## ARGUMENT AND AUTHORITY

### I.   Defendants Are No Longer Completely Diverse.

Both Plaintiff Foster and Defendant Letitia Greenway are Georgia citizens. (Doc.6, ¶¶ 1a, 12a).  Plaintiff's prompt addition of Defendant Greenway as a party defendant is proper and justified. *See* Fed. R. Civ. P. 15(a) (authorizing addition of party as a matter of right within 21 days of Defendant's first responsive pleading); *see also Carter v. Belmont Ga. Ltd. P'ship*, 2013 U.S. Dist. LEXIS 191796, at *3-4

3

(N.D. Ga. May 15, 2013)(claim against on-site property manager in premises liability case proper); *Poll v. Deli Mgmt.*, 2007 U.S. Dist. LEXIS 62564, at *6 (N.D. Ga. Aug. 24, 2007)(same). Because complete diversity no longer exists, this case should be remanded to State Court.

## II.    The Notice Of Removal Is Facially Deficient.

There is a second independent reason why remand is required: Defendants failed to allege the "citizenship" for each of member of the Defendant limited liability companies, and instead merely listed their "residence." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)(limited liability companies are citizens of any state in which one of its members are citizens); *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)(allegation of *residence* of a member alone is not enough); *see also Nichols v. WBX Transp., LLC*, 2015 U.S. Dist. LEXIS 109845 (N.D. Ga. Aug. 19, 2015)("Defendants are required to show *citizenship*, not *residence*"); Standing Order of Judge William S. Duffey ("For a limited liability company ("LLC"), or other unincorporated entity, the … removing defendant must list each member of the LLC or unincorporated entity, and provide specific factual allegations to support the *citizenship* of each member of the LLC or unincorporated entity.")(emphasis added to all).

Instead, of properly alerting this Court of each Defendant's citizenship, Defendants merely alleged the state of *residence* for each of the limited liability company members and then alleged that none of those members were citizens of Georgia. (Doc.1, ¶¶ 5, 7-11).  This is not enough.  "The general allegation that no member of a[n] LLC is a Georgia citizen is insufficient for Defendants to carry their burden of establishing complete diversity between the parties." *Komstadius v. UnitedHealth Grp., Inc.*, 2016 U.S. Dist. LEXIS 58141, at *5 (S.D. Ga. April 29, 2016)(citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).

The Eleventh Circuit directs district Courts to "strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013)(internal quotation marks and citations omitted).  There is uncertainty here, because Defendants did not properly allege their citizenship.  As a result, Defendants have not met their burden of establishing diversity, and the Court should also remand this case back to the Fulton County State Court for this second independent reason.

## CONCLUSION

For all the reasons set forth above, Plaintiff Foster respectfully requests that this Court GRANT her Motion and remand this case to Fulton County State Court for further proceedings.

This 1st day of June, 2017.

THE STODDARD FIRM

*/s/ Keith N. Evra*
Matthew B. Stoddard
Georgia Bar No. 558215
Keith N. Evra
Georgia Bar No. 810271
Attorneys for Plaintiff

**THE STODDARD FIRM**
5447 Roswell Road
Suite 204
Atlanta, GA 30342
p: 404-593-2695
f: 404-264-1149
matt@thestoddardfirm.com
keith@thestoddardfirm.com

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the pleading was prepared using Times New Roman font, point 14.

>/s/ Keith N. Evra
>Keith N. Evra
>Georgia Bar No. 810271

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing upon all counsel of record using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

C. Shane Keith
HAWKINS PARNELL THACKSTON & YOUNG LLP
303 Peachtree St., NE
Atlanta, GA 30308-3243
(404) 614-7400 (p)
(404) 614-7500 (f)
skeith@hptylaw.com

This 1st day of June, 2017.

>/s/ Keith N. Evra
>Keith N. Evra
>Georgia Bar No. 810271