IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSHANDA FOSTER, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO.: 1:17-cv-01690-WSD |
| LEGACY KEYS, LLC; 1250 NORTH : | |
| INVESTMENTS LLC; WATKINS : | |
| REALTY SERVICES, LLC; : | |
| INVESTORS MANAGEMENT : | |
| GROUP, INC.; OAK COAST : | |
| PROPERTIES, LLC; LETITIA : | |
| GREENWAY and JOHN DOES #1-5 : | |
| : | |
| Defendants. : | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a)    Describe briefly the nature of this action:

This is a personal injury case rooted in premises liability law where Plaintiff suffered a serious burn injury from her apartment shower.

(b)    Summarize, in the space provide below, the facts of this case.  The summary should not be argumentative nor recite evidence:

Plaintiff was a tenant at Legacy Key Apartments; Defendants Legacy Key and 1250 North Investments owned Legacy Key.  Plaintiff contends the remaining

Defendants owned and operated Legacy Key, but Defendants do not agree. On the morning of November 27, 2016, Plaintiff decided to take a shower in the master bathroom of her apartment unit. After Plaintiff turned on the shower water in her bathroom and stepped into the tub to begin bathing, the water became extraordinarily hot. Because of the extraordinarily hot water, Plaintiff Foster suffered scalding burn injuries, over $200,000.00 in medical bills, skin grafting, and other injuries to be proven at trial.

 (c) The legal issues to be tried are as follows:

The issues to be tried are negligence, recklessness / wantonness / conscious indifference, causation, and damages including attorneys' fees, punitive damages, and Defendant Legacy Key's entitlement to unpaid rent and breach of contract damages.

 (d) The cases listed below (include both style and action number) are:

  (1) Pending Related Cases:   N/A.

  (2) Previously Adjudicated Related Cases: N/A.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

  __X__ (1) Unusually large number of parties
  __X__ (2) Unusually large number of claims or defenses
  _____ (3) Factual issues are exceptionally complex
  __X__ (4) Greater than normal volume of evidence
  __X__ (5) Extended discovery period is needed

   \_\_\_\_\_ (6) Problems locating or preserving evidence
   \_\_\_\_\_ (7) Pending parallel investigations or action by government
   __X__ (8) Multiple use of experts
   \_\_\_\_\_ (9) Need for discovery outside United States boundaries
   \_\_\_\_\_ (10) Existence of highly technical issues and proof
   \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff:     Matthew B. Stoddard; The Stoddard Firm

   Defendants:     C. Shane Keith; Hawkins Parnell Thackston & Young, LLP

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

   __X__ Yes     \_\_\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Statement Attached As Exhibit A.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

By Plaintiff:

Plaintiff is not sure whether there are additional parties that should be joined.

Defendants operate a complex web of shell companies, and Plaintiff may need to add some or all of those shell companies to this lawsuit but will need more information and evidence in the form of discovery before making such a determination.

By Defendant:

Defendants object to Plaintiff's argumentative statement.

(b) The following persons are improperly joined as parties:

By Plaintiff: N/A.

By Defendants: Investors Management Group, Inc.; Oak Coast Properties, LLC and Letitia Greenway.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: Legacy Key, LLC is improperly stated as Legacy Keys, LLC. Plaintiff has filed an unopposed motion to correct this misnomer.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

By Plaintiffs:

Plaintiff may need to amend the pleadings to add additional parties.

<u>Defendants operate a complex web of shell companies, and Plaintiff may need to add some or all of those shell companies to this lawsuit but will need more information and evidence in the form of written discovery before making such a determination.</u>

<u>By Defendants:</u>

<u>Plaintiff has improperly named a number of parties and has improperly attempted to add Ms. Greenway to defeat this Court's jurisdiction. Defendants object to Plaintiff's argumentative statement. Defendants will file a Motion to Amend the Notice of Removal to allege "citizenship" of the members of the Defendant LLCs</u>

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of

discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues that could be addressed and the position of each party.

Not at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties seek an eight month discovery track. Plaintiffs will seek discovery on the issues outlined in the Complaint to include some initial procedural matters, insurance, the duties and relationship of the parties, the subject incident, attempts to exercise ordinary care, other similar incidents, internal documents and information, testing and inspection, statements and advertising, expert witnesses, the Defendants complex corporate forms, revenue type information for punitive damages purposes, some general information, and whatever else may be necessary depending on the facts uncovered.

To date, Defendants have not been provided evidence of the alleged incident and are not aware of how many physicians Plaintiff saw. It has been the experience of defense counsel that medical providers are not particularly swift in responding to document requests and those records are needed before any medical depositions can be taken.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties seek an eight-month discovery period for the following reasons: (i) many witnesses reside out of state to include in Florida and California, (ii) there are a large number of Defendants from whom discovery is needed, (iii) Plaintiff's

claims for joint venture and alter-ego will require additional discovery beyond a typical personal injury case, (iii) Defendants have filed a counter-claim and that has expanded the scope of the litigation, (iv) the Defendants anticipate some difficulty in electronic discovery based on the number of Defendants, changes in management software, and changes in management companies for the complex.

To date, Defendants have not been provided evidence of the alleged incident and are not aware of how many physicians Plaintiff saw. It has been the experience of defense counsel that medical providers are not particularly swift in responding to document requests and those records are needed before any medical depositions can be taken.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The discovery track should change to eight (8) months, and the number of depositions allowed per party without prior approval from the Court should be expanded to twenty (20).

(b) Is any party-seeking discovery of electronically stored information?

__X___ Yes      _____ No

If "yes,"

(1) The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

<u>The parties have discussed this briefly, but defense counsel needed to check further with his client on some issues. The parties have agreed to again discuss this information during the week of June 16, 2017 and hope to reach agreement on same or at least narrow the issues of dispute. If agreement cannot be reached by June 23, the parties will request a conference with the Court.</u>

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion of metadata, and have agreed as follows:

<u>The parties have agreed, to the extent possible, to produce electronic files as searchable .pdf documents, and further agreed to bates label the production.</u>

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Both Parties agree the following orders should be entered:

- The discovery period should be extended to eight months.

- The parties should be required to Bates label their document production.

- Deposition limits should be expanded to twenty (20)

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on My 31, 2017 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff:**

Matthew B. Stoddard, Esq.
The Stoddard Firm
5447 Roswell Road
Suite 204
Atlanta, GA 30342
P: 404-593-2695
F: 404-264-1149
matt@thestoddardfirm.com

**For Defendant:**

C. Shane Keith
Hawkins Parnell Thackston & Young, LLP
3030 Peachtree Street NE
Suite 4000

Atlanta, GA 30308
P: 404.614.7464
F: 404-614-7500
SKeith@hptylaw.com

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is Counsel for the parties agreed to confer and discuss <u>is at the end of discovery</u>.

(d) The following specific problems have created a hindrance to settlement of this case:

<u>Lack of discovery.</u>

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 2011.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 12th day of June, 2017.

| | |
|---|---|
| */s/ Matthew B. Stoddard* | */s/ C. Shane Keith (w/ permission)* |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| Matthew B. Stoddard, Esq. | C. Shane Keith |
| The Stoddard Firm | Hawkins Parnell |
| 5447 Roswell Road | 3030 Peachtree Street NE |
| Suite 204 | Suite 4000 |
| Atlanta, GA 30342 | Atlanta, GA 30308 |
| | P: 404.614.7464 |
| | F: 404-614-7500 |
| | SKeith@hptylaw.com |

* * * * * * * * * * * *

## ORDER APPROVING JOINT REPORT AND DISCOVERY PLAN

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

- <u>The discovery period is extended to eight months.</u>

- <u>The parties are required to bates label their document production.</u>

- <u>Deposition limits are expanded to twenty (20)</u>

IT IS SO ORDERED, this _____ day of _____, 2017.


_____
**WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the pleading was prepared using Times New Roman font, point 14.

>/s/ Matthew B. Stoddard
>Matthew B. Stoddard
>Georgia Bar No. 558215

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing upon all counsel of record using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

C. Shane Keith
HAWKINS PARNELL THACKSTON & YOUNG LLP
303 Peachtree St., NE
Atlanta, GA 30308-3243
(404) 614-7400 (p)
(404) 614-7500 (f)
skeith@hptylaw.com

This 12th day of June 2017

>/s/ Matthew B. Stoddard
>Matthew B. Stoddard

# EXHIBIT "A"

**By Plaintiff:**

Plaintiff Roshanda Foster has filed a Motion, pursuant to 28 U.S.C. § 1447, to remand this case back to Fulton County State Court for two independent reasons. ***First***, Defendant Letitia Greenway has been added to Plaintiff's Complaint – 1st Amended as a party Defendant, and as a result, there is no longer complete diversity of citizenship amongst the parties. ***Second***, Defendants' joint Notice of Removal is facially insufficient in that it fails to properly allege the citizenship of each Defendant.

**By Defendants**:

Plaintiff's attempted addition of Ms. Greenway violates U.S.C. § 1447(e), which supersedes Rule 15(a). Defendants are filing a Motion to amend the Notice of Removal to allege citizenship and residency. Such a motion should be granted because the defect, if any, is technical. Thus, the Court has jurisdiction over this matter.