IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSHANDA FOSTER,

      Plaintiff,

v.

LEGACY KEYS, LLC; 1250 NORTH
INVESTMENTS LLC, WATKINS
REALTY SERVICES, LLC;
INVESTORS MANAGEMENT
GROUP, INC.; OAK COAST
PROPERTIES, LLC and JOHN
DOES #1-5,

      Defendants.

CIVIL ACTION

FILE NO. 1:17cv01690-WSD

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff is the master of her Complaint - she had complete control over who she chose to sue and who she chose *not to sue*. In filing her Complaint, Plaintiff had every opportunity to name every person that she sought to assert a claim against and she could have named a Georgia resident in an attempt to prevent removal of her case from state court. She did not do this. Defendants thereafter properly removed this matter and Plaintiff is now engaged in a blatant game of forum-shopping. In this respect, there is every indication that Plaintiff has attempted to amend her Complaint simply to avoid this Court's jurisdiction and

her Amended Complaint as to Letitia Greenway should be stricken and her Motion to Remand denied.

## I. PERTINENT FACTS

Plaintiff's Complaint arises out of alleged injuries that were incurred on or about Nov. 27, 2016 while Plaintiff was using the shower in her apartment at Legacy Key Apartments and was allegedly burned by the water from her shower. Plaintiff had been a tenant at Legacy Key Apartments since October 22, 2014. Notably, Ms. Greenway has worked as a property manager at Legacy Key Apartments since October of 2014. In the time since Plaintiff became a tenant at Legacy Key, she and Ms. Greenway have had dozens of communications.

For example, on or about October 12, 2016, Plaintiff received a confirmation regarding the renewal for her lease of the apartment which informed Plaintiff to direct any questions she may have to Ms. Greenway. (See Exhibit A attached herewith).

Additionally, shortly after the alleged incident, Plaintiff informed Legacy Key - and Ms. Greenway specifically - that she needed her pilot light to be re-lit. (See Exhibit B attached herewith). Thereafter, Plaintiff had two additional conversations with Ms. Greenway on or about December 1, 2016 regarding

Plaintiff's alleged injuries sustained in her shower the previous Sunday and about making rental payments. (See Exhibit C attached herewith). Ms. Greenway had another communication with Plaintiff on or about February 10, 2017 in which Ms. Greenway reminded Plaintiff of the property's 60-day notice of intent to vacate term. This was still two months before Plaintiff filed her Complaint. (See Exhibit D attached herewith).

On April 3, 2017, Plaintiff filed her original Complaint in the State Court of Fulton County. Though Plaintiff named fictitious and unknown "John Doe(s) 1-5" as defendants to her Complaint, Plaintiff averred that "the identities of John Doe(s) are unknown to Plaintiff at this time." (Complaint, ¶19). Defendants properly removed the case to this Court on May 11, 2017, based upon diversity of citizenship.

On June 1, 2017, Plaintiff filed a First Amended Complaint naming Letitia Greenway as an additional party defendant. [Doc. 6, page 4]. Plaintiff also filed a Motion to Remand and supporting Brief on June 1, 2017 wherein Plaintiff claims that she amended her Complaint to "add recently identified on-site property manager Letitia Greenway as a party defendant." [Doc. 7-1, page 2].

Such an assertion is simply untrue. Plaintiff has undisputedly known and been aware of Ms. Greenway since she resided at the apartments and long before this case was removed, and indeed since before her original Complaint was filed in which Plaintiff claimed that "the identities of John Doe(s) are unknown to Plaintiff at this time." Contrary to Plaintiff's contentions that Ms. Greenway is a recently identified party, Plaintiff was aware that Ms. Greenway was the property manager at Legacy Key Apartments for the two and a half years before Plaintiff filed her Complaint. At the very least, Plaintiff certainly knew Ms. Greenway at the time the two spoke following Plaintiff's alleged injuries from the shower the 4 months before Plaintiff filed her original Complaint.

In Plaintiff's Motion to Remand, Plaintiff states, as a matter of fact, that there is no diversity of citizenship in this case as amended. Nonetheless, Plaintiff's Motion should be denied and those portions of her First Amended Complaint regarding Letitia Greenway stricken as Plaintiff's sole purpose in naming Ms. Greenway is to deprive this Court of subject matter jurisdiction.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### a. District Courts have the authority to reject a post-removal joinder of non-diverse defendants, even when an amendment is made as a matter of right.

Plaintiff's motion is based on a flawed legal conclusion. She posits that she has the right to determine this Court's jurisdiction and can unilaterally divest this Court of its lawful jurisdiction simply by adding a new - nominal - party that would destroy diversity if properly added. But, this Court is the arbiter of its jurisdiction and the applicable law requires the Court to examine the attempted addition to determine if it was done for the improper purpose of destroying diversity.

28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Section 1447(e) appears to conflict with the liberal amendment standards set forth in Fed.R. Civ.P. 15(a), which seemingly allows amendment in most circumstances.  And while there may appear to be a question of whether Rule 15(a)(1) permits Plaintiff to add the non-diverse party as a matter of course after removal, "**every court to have addressed the issue has concluded**

**that it does not**." *Kauders v. Uber Techs.*, Inc., 2017 U.S. Dist. LEXIS 65912, at *7 (D. Mass. May 1, 2017)(emphasis added).

The courts that have addressed the issue "have concluded that when a plaintiff adds a non-diverse defendant following removal, § 1447(e) applies even if the amendment would otherwise be permissible as a matter of course under Rule 15(a)(1)." *Id.* Under §1447, this Court has the right to deny Plaintiff's amendment and should do so because the addition of Ms. Greenway is a transparent attempt to defeat this Court's jurisdiction. *See e.g.*, *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000); *Sparrow v. Menard, Inc.*, 2011 U.S. Dist. LEXIS 118357, at *4 (S.D. Ind. Oct. 12, 2011); *Faye v. High's of Balt.*, 541 F. Supp. 2d 752, 758 (D. Md. 2008); *Smith v. BCE Inc.*, 2004 U.S. Dist. LEXIS 22161, 2004 WL 257807, at *2 (W.D. Tex. Nov. 3, 2004). *See also Alleyne v. Am. Sec. Ins. Co.*, No. 11-60302, 2011 U.S. Dist. LEXIS 158736, at *4 (S.D. Fla. Apr. 12, 2011)(where Plaintiffs seek to add non-diverse defendants following removal which would destroy diversity, 28 U.S.C. § 1447(e) gives the court discretion either (a) to allow joinder of the non-diverse party and remand the case to state court or (b) to deny joinder and have the case continue in federal court); *Liberacki v. Kroger Co.*, Civil Action No. 1:13-CV-00059-JOF, 2013 U.S. Dist. LEXIS 191923, at *5 (N.D. Ga. Apr. 18,

2013)(when the proposed amendment would destroy diversity jurisdiction, such as in this case, 28 U.S.C. § 1447(e) governs the determination of whether the amendment should be allowed).

As the Court is aware, in order to "avoid gamesmanship that would divest the district court of subject matter jurisdiction, Section 1447(e) gives the Court discretion to deny joinder if the added defendant would destroy subject matter jurisdiction." *Manera v. Michelin N. Am., Inc.*, 2015 U.S. Dist. LEXIS 183879, at *3 (M.D. Fla. July 2, 2015). Quite simply, Rule 15(a) cannot be used to deprive the federal court of jurisdiction over a removed action in the manner proposed here. *See El Chico Rests., Inc. v. Aetna Cas. & Sur. Co.*, 980 F. Supp. 1474, 1483 (S.D. Ga. 1997) (Plaintiff cannot amend its Complaint "as a matter of course" under Rule 15(a) to name additional parties whose presence will destroy complete diversity). *See also, Faye v. High's of Balt.*, 541 F. Supp. 2d 752, 758 (D. Md. 2008); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996) ("However, although [plaintiff] may have thought its amendment proper since it was filed 'as of right,' Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action."); *Lyster v. First Nationwide Bank Finan. Corp.*, 829 F. Supp. 1163, 1165 (N.D. Cal. 1993) ("Although plaintiff may have thought his amendment

proper under Rule 15(a) . . . the first amended complaint may not be used to defeat the removal of plaintiff's case to federal court."); *Springer-Penguin, Inc. v. Jugoexport*, 648 F. Supp. 468, 469-470 (S.D.N.Y. 1986) (*citing* Moore's Federal Practice for the proposition that plaintiffs cannot amend as of right to add a nondiverse defendant for the purpose of defeating jurisdiction). *See also Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997); *Bryant v. Kroger Co.*, No. CV 115-131, 2016 U.S. Dist. LEXIS 58179, at *4-5 (S.D. Ga. May 2, 2016)(noting that district courts have the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e) even if the joinder was without leave of court).

Other district courts have also held that courts can effectively deny joinder under § 1447(e) by exercising its power to drop a party, *sua sponte*, under Fed. R. Civ. P. 21. *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 463 n.11 (4th Cir. 1999).

In this case, no matter the analysis employed, the addition of Ms. Greenway should not be allowed and Plaintiff should not be permitted to unilaterally determine this Court's jurisdiction.

### b. District Courts must apply a more stringent scrutiny when a plaintiff adds a non-diverse defendant after removal

Courts addressing the issue have also regularly held that "the liberal amendment standard in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." *Fayne v. Green Tree Serv., LLC*, No. 1:12-CV-217-ODE, 2012 U.S. Dist. LEXIS 104527, at *11 (N.D. Ga. July 25, 2012). One of the earlier federal district courts tasked with analyzing these issues thoroughly analyzed the policies at hand and agreed with the authority holding that "Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction. To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) and contrary to other policies that apply in this context." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999). Furthermore, the *Clinco* court noted that

> if the permissive standard of Rule 15(a) applies in this context, it could be used quite often. Because the defendant may waive his right to remove should he file an answer in state court, removal generally occurs before the defendant serves a responsive pleading. Therefore, if a district court does not scrutinize the propriety of the amendment, the option of adding a nominal defendant solely to defeat diversity jurisdiction would be available to any plaintiff who desired to take advantage of it.

*Clinco* at 1087 n.4 (C.D. Cal. 1999).

Applying § 1447(e) and not Rule 15(a) also makes practical sense.

Otherwise,

> if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court . . . . a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed, and avoid any fraudulent joinder inquiry which could have been conducted had the non-diverse defendant been named in the original complaint.

*Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).

When determining whether to allow an amendment to join a non-diverse party, a court should be more cautious and apply a more exacting scrutiny than that of a motion to amend under Fed. R. Civ. P. 15. *See Seropian v. Wachovia Bank, N.A.*, 2010 U.S. Dist. LEXIS 144314, 2010 WL 2822195 *2 (S.D. Fla. July 16, 2010); *Kleopa v. Prudential Inv. Mgmt.*, 2009 U.S. Dist. LEXIS 64887, at *6 (S.D. Fla. July 27, 2009). Furthermore, "the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Liberacki v. Kroger Co.*, Civil Action No. 1:13-CV-00059-JOF, 2013 U.S. Dist. LEXIS 191923, at *6 (N.D. Ga. Apr. 18, 2013) (*citing Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, at *4 (S.D. Fla. Feb. 14, 2013)).

Accordingly, a district court should

> scrutinize a motion to amend to join a non-diverse party more
> closely than a motion to amend under Rule 15[, . . . ] and should
> deny leave to amend unless strong equities support the
> amendment. In balancing the equities, the parties do not start
> out on an equal footing. This is so because of the diverse
> defendant's right to choose between a state or federal forum.
> Giving diverse defendants the option of choosing the federal
> forum is the very purpose of the removal statutes.

*Lieracki* at *6-7. (internal quotations omitted). Thus, when an amendment

to the complaint that would destroy federal diversity jurisdiction comes

before the court, the court should "scrutinize [the] amendment more closely

than an ordinary amendment." *Sharp v. Wal-Mart Stores, Inc.*, 2007 U.S.

Dist. LEXIS 5937, at *8 (S.D. Ala. Jan. 25, 2007) *quoting Hensgens v. Deere &

Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Obviously, plaintiffs carry a higher

burden in such situations.

Additionally, a court which is presented with a diversity-destroying

amendment must employ a different and more defendant-deferential analysis

than that employed in a fraudulent joinder inquiry. *Alleyne v. Am. Sec. Ins.

Co.*, 2011 U.S. Dist. LEXIS 158736, at *6 (S.D. Fla. Apr. 12, 2011)("The

Court's analyses of fraudulent joinder and post-removal joinder under 28

U.S.C. §1447(e) are different."); *Gum v. GE*, 5 F. Supp. 2d 412, 415 n.8 (S.D.

W. Va. 1998)("Had Walker and Allen been defendants prior to removal, the

Court would be engaged in an entirely different analysis.").  Thus, the inquiry now is not whether Plaintiff could plausibly state a claim against Ms. Greenway under Georgia law, as it would have been had she been originally named.[1]  Instead, the inquiry is whether the tardy addition of Ms. Greenway was intended to defeat this Court's jurisdiction.  And that is the only conclusion that can be reached in this case.

Here Plaintiff has engaged in pure gamesmanship with her First Amended Complaint in naming a non-diverse individual defendant whom Plaintiff has known and been aware of since the time she lived at the subject apartments and well before she ever filed her original Complaint. This is not a situation where the Plaintiff has sought to prevent a removal. Here, Plaintiff is attempting to deprive the Court of its proper jurisdiction through gamesmanship and suspicious pleading and is attempting to dictate to the Court what its jurisdiction is. As the Eleventh Circuit Court of Appeals has held, "[t]he removal process was created by Congress to protect defendants."

---

[1] This, of course, entirely negates Plaintiff's arguments regarding the applicability of *Poll v. Deli Mgmt.*, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007) and *Carter v. Belmont Ga. Ltd. P'ship*, 2013 U.S. Dist. LEXIS 191796 (N.D. Ga. May 15, 2013), because those cases were decided under the fraudulent joinder analysis.  The question now is not whether Plaintiff could possibly state a claim against Ms. Greenway.  Instead, the question is why Plaintiff waited until this point to seek to assert claims against Ms. Greenway.  The answer to the real question is clear - to defeat this Court's jurisdiction.

*Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). Thus, "Congress did not 'extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Id.*

### c. The factors enumerated in *Hengsgens* also demonstrate that Plaintiff's amendment regarding Ms. Greenway should be stricken and her motion to remand denied.

Determining whether joinder under § 1447(e) is appropriate requires a district court to balance the equities involved, and in doing so, courts in this district generally consider the factors articulated in the Fifth Circuit's decision in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). *See Liberacki v. Kroger Co.*, Civil Action No. 1:13-CV-00059-JOF, 2013 U.S. Dist. LEXIS 191923, at *6 (N.D. Ga. Apr. 18, 2013). The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

### 1. The purpose of Plaintiff's amendment is to defeat federal jurisdiction.

Plaintiff's amendment to her Complaint seeking to now name Ms. Greenway as a party defendant is a plain attempt to defeat federal diversity

jurisdiction. In determining whether the purpose of adding a non-diverse defendant post-removal has been to defeat federal jurisdiction, courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed. *See, e.g., Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); *In re Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001)("When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of plaintiff's motives to amend.").

In her original Complaint, Plaintiff sued Legacy Key, LLC, 1250 North Investments, LLC, Watkins Realty Services, LLC, Investors Managements Group, Inc., Oak Coast Properties, LLC and John Does #1-5. While Plaintiff named fictitious "John Doe(s) 1-5", Plaintiff averred that "the identities of John Doe(s) are unknown to Plaintiff at this time." (Complaint, ¶19). Exactly 21 days after Defendants removed this case, Plaintiff filed her First Amended Complaint, Motion to Remand and supporting Brief wherein she states that she amended her Complaint to "add recently identified on-site property manager Letitia Greenway as a party defendant." [Doc. 7-1, page 2].

As stated above, Plaintiff has known and been aware of Ms. Greenway since before this case was removed, and indeed since before her original Complaint was filed. At the time of the purported addition of Ms. Greenway, Defendants had not responded to any discovery; had not even filed their Initial Disclosures and had not identified Ms. Greenway as a potential party or even an important witness.  As the court very aptly stated in *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999), when a "plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  *See also Alleyne v. Am. Sec. Ins. Co.*, 2011 U.S. Dist. LEXIS 158736, at *6 (S.D. Fla. Apr. 12, 2011)(the "Court should be very suspicious of the timing of an amendment where, as here, a plaintiff seeks to add a non-diverse defendant directly after removal but before additional discovery.").

The timing and circumstances of Plaintiff's amendment are beyond suspicious and strongly suggest that her real purpose is to defeat federal jurisdiction. *Manera v. Michelin N. Am., Inc.*, 2015 U.S. Dist. LEXIS 183879, at *6 (M.D. Fla. July 2, 2015).  *See also In re Norplant Contraceptive Products Liability Litigation*, 898 F. Supp. 429 (E.D. Tex. 1995)(denying motion to

amend where plaintiff sought to add a non-diverse defendant only after the case was removed even though the plaintiff knew the identity of the defendant at an earlier time). "The fact that Plaintiffs sought to add the non-diverse defendants only after this case was removed strongly indicates that the purpose of the [Plaintiff's] amendment is to defeat federal jurisdiction." *Alleyne v. Am. Sec. Ins. Co.*, 2011 U.S. Dist. LEXIS 158736, at *6 (S.D. Fla. Apr. 12, 2011)(internal citations and quotations omitted).

Here, the timing and substance of the proposed amendment supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction. Plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, which suggests that the amendment is done with "specific purpose of destroying diversity jurisdiction." *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Speciality Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011). In essence, Plaintiff is asking the Court to believe that sometime between May 11, 2017 when defendants filed the Notice of Removal and June 1, 2017, Plaintiff finally learned the identity of Ms. Greenway, the property manager of the apartments at the time Plaintiff was allegedly injured and with whom Plaintiff had previously communicated on many occasions. Such a theory is unlikely and untrue. Instead, Plaintiff's amendment has everything

to do with the fact that Defendants had just 21 days earlier removed the case to federal court.[2] *See Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 U.S. Dist. LEXIS 20791, at *10 (W.D. Tex. Feb. 17, 2012) (noting that the proximity in time between the removal and the amendment, 8 days, combined with the failure to have named the defendants as parties originally, despite being aware of their involvement, makes Plaintiff's explanation totally lacking in credibility.) Plaintiff filed her original Complaint on April 3, 2017 and Defendants did not remove until May 11, 2017. Nonetheless, during that entire period of more than a month, Plaintiff did not seek to add Ms. Greenway. It was not until the case was removed that Plaintiff decided to

---

[2] This Court's decision in *Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979-WSD, 2016 U.S. Dist. LEXIS 61640 (N.D. Ga. May 9, 2016) is not helpful to Plaintiff. In *Johnson* the plaintiff sought to amend her premises liability complaint against the subject property owners to add a company that maintained the subject irrigation system and a company that performed snow and ice removal at the premises. In the approximate month between when plaintiff filed her complaint against the property owner and filing her motion to amend, she had received communications from the irrigation company's insurer which also identified the snow and ice removal company. Plaintiff had also included fictitious defendants as "unknown owner and/or operator or other entity who owned and/or maintained the [premises]," and the proposed amended complaint then identified those entities, which the defendants identified as culpable parties. This Court found that the purpose of the plaintiff's proposed amended complaint was not to defeat the Court's diversity jurisdiction, but to add parties identified by defendants as potentially responsible for the acts alleged by the plaintiff. *Johnson*, at *5. In contrast, Plaintiff here knew Ms. Greenway and had communicated with her many times before Plaintiff filed her original complaint. Accordingly, the fictitious defendants to Plaintiff's Complaint cannot be said to encompass Ms. Greenway as Plaintiff has known her identity all along.

amend to assert her claims against Ms. Greenway. This reason also indicates that Plaintiff's amendment was motivated solely by a desire to defeat diversity jurisdiction. *See Furfaro v. Aguilera*, 2016 U.S. Dist. LEXIS 18470, at *6 (M.D. Fla. Feb. 16, 2016). Therefore, the first *Hensgens* factor weighs strongly in favor of not allowing the proposed amendment.

### 2. Plaintiff has been dilatory in naming Ms. Greenway.

The second *Hensgens* factor is whether Plaintiff has been dilatory in making her amendment. A plaintiff is dilatory if she has "had ample opportunity to ascertain the identity of the non-diverse defendant she is seeking to add." *McKenzie-Wharton v. United Airlines, Inc.*, 158 F. Supp. 3d 1300, 1302 (M.D. Fla. 2016). While courts often find a plaintiff "is not dilatory in seeking to amend a complaint when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred, the analysis is different when the proposed amendment is to add non-diverse defendants shortly after removal based on federal diversity jurisdiction." *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 U.S. Dist. LEXIS 20791, at *10 (W.D. Tex. Feb. 17, 2012)(internal citations omitted). In such a circumstance, "a delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *Id.*

Plaintiff not only had ample opportunity to ascertain the identity of Ms. Greenway from the date of her alleged injury until she filed her Complaint, Plaintiff actually knew who Ms. Greenway was and knew Ms. Greenway was the property manager long before she filed her original Complaint in state court. Because Plaintiff knew about the potential claim against Ms. Greenway and her identity, from the inception of this case, and yet chose not to assert that claim against her, this factor weighs heavily against permitting Plaintiff's amended Complaint as to Ms. Greenway. *See Furfaro v. Aguilera*, 2016 U.S. Dist. LEXIS 18470, at *7 (M.D. Fla. Feb. 16, 2016).

### 3.   Plaintiff will not be significantly injured if her amendment is not permitted.

The third *Hensgens* factor is whether Plaintiff will be significantly injured if her amendment is not permitted. Often the most critical consideration of this factor is whether "the proposed new defendants were acting in the line and scope of their employment, such that [an already-named defendant] would be liable for their acts and omissions." *Sharp v. Wal-Mart Stores*, Inc., 2007 U.S. Dist. LEXIS 5937, at *16 (S.D. Ala. Jan. 25, 2007). Similarly, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Jerido v. Am. Gen. Life & Accident Ins. Co.*, 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001). Ms. Greenway

Page **19** of 25

is not an indispensable party to this action. Ms. Greenway provides no additional insurance or recoverability to Plaintiff and it is clear by Plaintiff's own allegations that Ms. Greenway is merely an agent of an already-named defendant. There is no evidence or indication that Plaintiff will be unable to obtain full relief on her claims in federal court without Ms. Greenway as a defendant. Assuming she can prove her claims, Plaintiff can obtain complete relief against the other Defendants without the presence of Greenway, discovery will allow Plaintiff access to the same information with or without Greenway in the case, there has been no suggestion that the Defendants would be unable to satisfy a judgment, and Plaintiff is free to sue Ms. Greenway in state court should she wish to do so. *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1314 (M.D. Ala. 2000); *Linares v. Home Depot U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 58275, at *7 (S.D. Fla. Apr. 26, 2012). Furthermore, "the possibility of parallel suits cannot, by itself, outweigh the first—and most important—factor. Jurisdiction is not so malleable that plaintiffs can creatively forum shop through manipulation of the Rules." *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, 2012 U.S. Dist. LEXIS 20791, at *12 (W.D. Tex. Feb. 17, 2012)(internal citation omitted). [3]

---

[3] Other courts facing this issue have also questioned whether a plaintiff wishing to add an

*Ohrn v. JDPHD Inv. Grp., LLC*, 2012 U.S. Dist. LEXIS 154567 (S.D. Ind. Oct. 29, 2012) is very analogous to this case. In *Ohrn*, the plaintiff filed a wrongful death case against an apartment complex owner in state court on April 12, 2012, after a fire occurred at one of the apartments. On May 8, 2012 the case was removed from state court based on diversity jurisdiction. The plaintiffs later sought to add as party defendants an individual property manager and maintenance supervisor of the apartment complex, individuals whose citizenship was in common with one of the plaintiffs and would destroy diversity. Additionally, the property manager and maintenance supervisor were employed by defendant JDPHD. The court noted that it appeared highly likely that the plaintiffs' motive for joining these defendants was to defeat federal jurisdiction. *Ohrn*, at *3, 5-6 (S.D. Ind. Oct. 29, 2012). *See also Bostrom v. Target Corp.*, 2006 U.S. Dist. LEXIS 84890, 2006 WL 3370176 at *1-3 (N.D. Ill. Nov. 21, 2006) (exercising discretion to deny amendment adding store manager to premises liability claim against employer and noting that the plaintiff could obtain complete relief against the employer).

---

employee after removal would actually follow through and sue the non-diverse employee in state court. *See Linares*, 2012 U.S. Dist. LEXIS 58275, at *8-9 ("the likelihood that Plaintiff will actually pursue a claim in state court against [the amended defendant] is remote given that [the already named defendant] is a fully solvent defendant who will be vicariously liable for any of [the employee's] negligent conduct.")

As for the timing and whether plaintiffs had been dilatory in seeking their amendment, plaintiffs brought their motion five months after removal and explained that the proposed individual defendants were identified in the defendant's interrogatories and initial disclosures a month previously. The court found this a plausible explanation for the timing of the motion, but that it still did not strongly tip the balance for or against plaintiffs. *Id.*, at *7. The court in *Ohrn* also found that the plaintiffs would not suffer injury by denying the addition of the individual defendants where plaintiffs could obtain complete relief from the already-named defendant and there was no evidence that defendant or its insurer could not satisfy any judgment that may be awarded. *Id.*, at *9.

Here Plaintiff's motives and actions are clearly designed to accomplish a remand. As in *Ohrn*, Plaintiff has named an individual employee or agent of an already-named defendant only after the case was removed to federal court. Even more telling, Plaintiff already knew the identity of Ms. Greenway long before she filed her original complaint in state court. This fact alone strongly suggests that Plaintiff's motivation in naming Ms. Greenway is solely to destroy federal jurisdiction. In comparison, the plaintiffs in *Ohrn* claimed to have learned the individual defendants' identities only after

discovery and the district court there still found that even though this was a plausible explanation, the timing of the plaintiffs' motion to amend did not strongly tip the balance for granting it. *Id.*, at *7. And, as in *Ohrn*, there is no evidence that Plaintiff cannot obtain complete relief and discovery against the already-named defendants without Ms. Greenway in the case.

Again, Plaintiff could have named Ms. Greenway in her original Complaint and arguably prevented Defendants from ever properly removing this action. Plaintiff chose not to do so. Accordingly, striking Plaintiff's amendment as to Ms. Greenway and denying her Motion to remand is appropriate and will not significantly injury Plaintiff.

### 4. The equities favor striking Plaintiff's amendment.

The final factor to be weighed directs the Court to consider the equities involved. In balancing the equities, "the parties are not on equal footing, and the court should give consideration to the Defendant's right to choose the federal forum[4]." *Jerido v. Am. Gen. Life & Accident Ins. Co.*, 127 F. Supp. 2d

---

[4] Let it not be overlooked that there are practical differences in litigation in a federal forum as opposed to state court. For example, the Federal Rules of Civil Procedure direct the parties to employ a practice of proportionality in conducting discovery. Fed. R. Civ. P. 26. And in a case with as many defendants as are already named, the need for proportionality plays a much larger role and becomes even more apparent.

1322, 1326 (M.D. Ala. 2001). Given Plaintiff's ample opportunity to avoid this situation by adding Ms. Greenway before removal, and indeed where Plaintiff knew Ms. Greenway before filing her original Complaint, the equities weigh in favor of Defendants and against permitting Plaintiff's amendment.

Here, Plaintiff should not be permitted to add Ms. Greenway as a party defendant. The timing of Plaintiff's amendment, especially in light of her awareness of Ms. Greenway's identity and role at her apartment property since the beginning, strongly suggest that Plaintiff added her claim against Ms. Greenway to defeat diversity jurisdiction. If this Court allows Plaintiff's amendment against the non-diverse Ms. Greenway, the Defendants' "carefully planned and executed ... strategy to remove this action to this Court would be for naught." *McKenzie-Wharton v. United Airlines, Inc.*, 158 F. Supp. 3d 1300, 1303 (M.D. Fla. 2016).

## III.    CONCLUSION

To allow Plaintiff to continue with her course of action in naming a non-diverse defendant after removal when Plaintiff has known and was aware of such individual since before she filed her original Complaint would violate both the spirit and the letter of §1447(e) and the relevant case law interpreting it. If Plaintiff's course of pure gamesmanship were permissible, it would make a

mockery of the fraudulent joinder statute and §1447(e). Furthermore, Plaintiff's claims are not in any fashion diminished in requiring her to prosecute her claims against the corporate defendants and not also against merely an agent of those entities.

There is every indication that Plaintiff has amended her Complaint simply to destroy diversity jurisdiction and her amended Complaint as to Letitia Greenway should be stricken and her Motion to remand denied.

Respectfully submitted this 15th day of June, 2017.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

_____
C. Shane Keith
Georgia Bar No. 411317
*Counsel for the Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
skeith@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROSHANDA FOSTER,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION**<br>**FILE NO. 1:17cv01690-WSD** |
| **LEGACY KEYS, LLC; 1250 NORTH INVESTMENTS LLC, WATKINS REALTY SERVICES, LLC; INVESTORS MANAGEMENT GROUP, INC.; OAK COAST PROPERTIES, LLC and JOHN DOES #1-5,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE and
## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND by use of the Court's ecf system, which sends notification of filing and a copy of the filing to the following:

Keith N. Evra keithevra@gmail.com

Matthew B. Stoddard matt@thestoddardfirm.com

I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Century Schoolbook" font, 13 point, as required by Local Rule 5.1(C).

Respectfully submitted this 15th day of June, 2017.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

C. Shane Keith
Georgia Bar No. 411317
*Counsel for the Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
skeith@hptylaw.com

2