# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROSHANDA FOSTER,<br><br>    **Plaintiff,**<br><br>v.<br><br>LEGACY KEYS, LLC, 1250 NORTH INVESTMENTS, LLC, WATKINS REALTY SERVICES, LLC, INVESTOR MANAGEMENT GROUP, INC., OAK COAST PROPERTIES, LLC, JOHN DOES 1-5, and LETITIA GREENWAY,<br><br>    **Defendant.** | 1:17-cv-1690-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Roshanda Foster's ("Plaintiff") Motion to Remand to State Court [7] ("Motion to Remand").

## I. BACKGROUND

On April 3, 2017, Plaintiff filed her Complaint, ([1] at 9-22 (ECF Pagination)), in the State Court of Fulton County, Georgia. On May 11, 2017, Defendant Legacy Keys, LLC ("Legacy Keys") filed its Notice of Removal [1], asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Legacy Keys alleges that the individual members of Legacy

Keys, LLC, North Investments, LLC, Watkins Realty Services, LLC, and Oak Coast Properties, LLC (the "LLC Defendants") are "resident[s]" of either California or Florida. (Notice of Removal ¶¶ 7, 9, 10, 11).

On June 1, 2017, Plaintiff filed her Motion to Remand. Plaintiff argues that the Notice of Removal fails to properly allege the citizenship of the LLC Defendants, and thus the Court lacks jurisdiction over this action. On June 13, 2017, Legacy Keys filed its Motion to Amend Notice of Removal [16], seeking to amend its allegations to include that the members of the LLC Defendants are "residents and citizens of California." ([16] at 1-2).

## II. DISCUSSION

In removed cases, the removing defendant has the burden to establish the existence of diversity jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing Univ. of S. Ala v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Removal statutes are to be strictly construed, with all doubts resolved in favor of remand. Id. (quoting Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)).

2

Legacy Keys contends the Court has diversity jurisdiction over this action. The Court has diversity jurisdiction over an action in which the amount in controversy exceeds $75,000, and the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). A limited liability company is a citizen of any state of which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id. To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Legacy Keys' allegation in its Notice of Removal is insufficient to establish the citizenship of the LLC Defendants, because, to show citizenship, "[r]esidence alone is not enough." Id. Legacy Keys, attempting to cure its defective pleading,

3

seeks to amend its Notice of Removal to properly allege citizenship.[1] Legacy Keys, however, now offers a contradictory, and unsworn, allegation that all of the members of the LLC Defendants are citizens of California, apparently forgetting that it had previously alleged Defendant Realty Services, LLC's member was a Florida resident.

Legacy Keys has had ample opportunity to properly establish that removal is appropriate in this case. Its first opportunity was when it filed its Notice of Removal and supporting documents. Legacy Keys had a second opportunity in responding to Plaintiff's Motion to Remand, which put Legacy Keys on notice that the diversity allegations in its removal petition were deficient. Legacy Keys had a third opportunity when it filed its Motion to Amend, which contains citizenship allegations that contradict its Notice of Removal. Legacy Keys has not satisfied its burden to show the parties are diverse. The Court declines to grant Legacy Keys

---

[1] Generally, before *sua sponte* remanding a case based upon a failure to allege citizenship in its notice of removal, a district court must allow a party to cure the failure. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009). If, however, a party has filed a motion to remand, a court's order to remand is not considered *sua sponte*. See Velchez v. Carnival Corp., 331 F.3d 1207, 1210 (11th Cir. 2003) ("When a party moves for remand . . . that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects.").

4

another bite at the apple.  Legacy Keys' Motion to Amend is denied, and Plaintiff's Motion to Remand is granted.[2]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Legacy Keys, LLC's Motion to Amend Notice of Removal [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Roshanda Foster's Motion to Remand to State Court [7] is **GRANTED**.  The Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of Fulton County.

---

[2]     Remand also appears to be appropriate pursuant to Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), which held that, where a properly-filed motion to remand challenges a "second paragraph" removal under 28 U.S.C. § 1446(b), a court can consider only the notice of removal and accompanying documents.  See id. at 1214.  Because Legacy Keys could not rely on the Complaint to initially satisfy removability requirements—because the Complaint did not provide the citizenships of the parties—this case appears to be a "second paragraph" removal.  Because Plaintiff timely filed her Motion to Remand, the Court may only consider the notice of removal and accompanying documents.  See id.; see also Allen v. Thomas, No. 3:10-cv-742-WKW, 2011 WL 197964, at *3 (M.D. Ala. Jan. 20, 2011) (explaining that Lowery remains binding for second paragraph removal cases).  These documents do not establish that removal was proper or that jurisdiction was present.  Remand is thus appropriate pursuant to Lowery.

5

**SO ORDERED** this 12th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE